By the Court :
Section 6778 of the Reviséd Statutes provides that, where one recovers a judgment of ouster in quo warranto proceedings against the usurper of an office, “sneh person may, at any time within one year after the date of such judgment, bring an action against *529 the party ousted, and recover the damages he sustained by reason of such usurpation.” At the time this statute was enacted, the measure of damages in such an action, as understood and applied at .common law, was the salary or emoluments pertaining to the office during the time it was unlawfully held by the intruder; and the legal presumption is that the legislature used the phrase, “the damages he sustained by reason of such usurpation,” in this fixed legal signification. Turney v. Yeoman, 14 Ohio, 218. Grogan v. Garrison, 27 Ohio St., 63. Therefore, in the absence of any express change in the rule of damages, the statute must be interpreted as authorizing the. recovery of the salary or emoluments of the usurped office, as damages, but limiting the action to one year after the date of such judgment of ouster. The office has no salary and no emoluments attached. The petition, therefore, does not state a cause of action, and the judgment of the circuit court is.

Affirmed.

MlNSHALL, C. J., WILLIAMS) BURKET, SPEAR, •Davis and Shauck, JJ., concur.